## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**LONNIE R. BRAND, JR.**                                                           **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:16-CV-00002-JHM**

**HARDIN COUNTY DETENTION CENTER** *et al.*            **DEFENDANTS**

### MEMORANDUM OPINION

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff Lonnie R. Brand, Jr., brings this action against the Hardin County (Kentucky) Detention Center (HCDC) and the Hardin County Courts. In his complaint, Plaintiff alleges as follows:

> I was booked on 10/3-17/15 in which I was given the option to see pre-trial. I was considered low risk in which I should've been able to bond out thru an O.R. I was denied bail were I should've been able to bond out. I was verified by then a claim was made by the media in which I haven't been found guilty but WLKY made the public aware of my situation in which made my case worse than it is. I turned myself in so I could be proven innocent, I'm being held because of misdemeanor charges of disorderly conduct in I served out or complete whatever the court told me to do. I believe that if letted out I could prove my innocence to society. Since incarcerated I've lost a lot due to the nature and slander of the media. The main prosecutor has made sure that I be incarcerated. My identity and name was being slander. I haven't been given a fair chance to prove my innocence. I had a deputy lie to an inmate stating I put paper work in on him to make matters worse. I'm scared for my life. I had four different lawyer without being able to contact them on the nature of the case. I had the C.P.S. lady

>visit me on Nov. 19, 2015, and she stated I was over charged and she stated that she wanted to attend the next court date. So the truth would come out but I haven't been able to contact her since the jail visit. I have insufficient funds to get thru the court is using it to their advantage! Please help me before it's to late!!

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief in the form of release from his "illegal detention."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. INJUNCTIVE RELIEF

Plaintiff alleges that he has been illegally detained and asks to be released from HCDC. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment,

and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[1] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release from detention, his § 1983 claim for injunctive relief cannot lie.

### B. MONETARY RELIEF

Plaintiff also seeks damages for the alleged violation of his constitutional rights. As stated above, Plaintiff has sued HCDC and the Hardin County Courts.

#### 1. Hardin County Detention Center/Hardin County

The HCDC is not an entity subject to suit. *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). The claims against HCDC are actually against Hardin County as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); s*ee also Fambrough v. Vaught*, NO. 4:06CV-P130-M, 2007 U.S. Dist. LEXIS 20679, at *1 (W.D. Ky. March 21, 2007) ("the claims against the detention center are also against [the county] as the real party in interest"); *Smallwood v. Jefferson Ct.y Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against fiscal court is actually suit against county itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff′s harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

In the instant case, Plaintiff fails to allege a county policy or custom related to the alleged violations of his constitutional rights. The complaint, therefore, fails to state a claim against Hardin County for monetary relief.

### 2. Hardin County Courts

The Eleventh Amendment to the Constitution of the United States deprives a federal court of jurisdiction to entertain a suit against a state and its agencies. *Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Plaintiff's claim against the Hardin County Courts for damages is barred by the Eleventh Amendment because it is actually a claim against the state. *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *4 (6th Cir. 1995) (claim against circuit court barred by Eleventh Amendment); *Thornton v. Commonwealth of Ky.*, No. 4:06CV-46-M, 2007 U.S. Dist. LEXIS 41344, at *17 n.4 (W.D. Ky. 2007) (noting that Kentucky circuit courts are created by the Kentucky Constitution and

compensation for circuit court judges is determined by the General Assembly and paid out of the State Treasury).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's action will be dismissed by separate order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

Date: April 4, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Hardin County Attorney
4414.011